United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

RITA C HO,

    Plaintiff,

v.

MARK PINSUKANJANA, et al.,

    Defendants.

Case No. 17-cv-06520-PJH (TSH)

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO QUASH AND FOR A PROTECTIVE ORDER**

Re: Dkt. Nos. 68, 69, 72

    Defendants filed a motion to quash and a motion for a protective order seeking to limit Plaintiff's December 7, 2018 document subpoena to the Robert Tat Gallery. ECF Nos. 68 (motion to quash), 69 (motion for protective order), 69-1 Ex. A (subpoena). The Court ordered the parties to meet and confer, and if they could not resolve their dispute, to submit a joint letter brief. ECF No. 70. On January 17, 2019, the parties filed a joint letter brief. ECF No. 72. The Court had a telephonic hearing on the matter on January 23, 2019, and now issues this order.

    In the letter brief, Defendants argued that the subpoena invades third party privacy rights and seeks commercially sensitive information, attorney-client privileged communications, client lists, tax returns, and so on. However, none of the five requests for production can fairly be read that broadly. The five requests are all about the gallery's purchase of Fan Ho prints from the Defendants, or the resale of those prints by the gallery back to the Defendants. To be sure, that includes associated documents such as invoices and emails about the sales, but the requests for production are simply not as broad as Defendants argued.

    At the telephonic hearing, Defendants clarified their objections to the subpoena. First, they seem to concede that sales *by* them *to or through* the gallery are relevant, but they contend that resales *by the gallery* back *to the Defendants* are irrelevant. Second, they argue that the time period covered by the requests (2000 to present) is overbroad. Plaintiff responds to the first point by contending that resales back to the Defendants are necessary to understand the full picture of the transactions at issue. As to the time period, Plaintiff argues there was an oral agreement

1  between the parties (whose terms are disputed) prior to the 2012 written contract referred to in the
2  complaint, and Plaintiff also asserts Defendants concealed their wrongdoing and that this tolled
3  the applicable statutes of limitations.

On the first issue, the Court agrees with the Defendants. The complaint alleges that the decedent, Fan Ho, provided Defendants with thousands of photographic images and that Defendants sold unauthorized copies of prints made from those images and kept all the proceeds from those sales despite their obligation to pay commissions. Compl., ECF No. 7, ¶¶ 22, 42, 43, 46, 49. Thus, sales by the Defendants of Fan Ho prints to or through the gallery are plainly relevant since those transactions are part of the alleged misconduct and form part of Plaintiff's damages. But the alleged misconduct does not include the acquisition of Fan Ho prints from other sources. Plaintiff argues these resales are necessary to understand if the original sales were truly sales and that they are also relevant to the extent that Defendants may try to sell a particular work for a second time. But the requests for documents about the original sales necessarily include documents about whether they were real sales and what the terms truly were. And if Defendants bought back some Fan Ho prints from the gallery and then sold them to someone else, those further sales are not within the scope of this subpoena anyway. The repurchase of the prints by the Defendants is not by itself relevant.

On the second issue, the time period of the subpoena is overbroad. Discovery into each sale of a Fan Ho print to or through the gallery is principally an issue of damages. However, the Court will not limit the relevant time period to the longest statute of limitations before the date the complaint was filed because the statute of limitations for at least some of Plaintiff's claims starts running upon discovery of the wrongdoing, *see Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) (copyright infringement), and there is no information before the Court about when Plaintiff learned of the sales to or through the gallery.

Nonetheless, the time period of 2000 to the present for requests for production 1, 2, 3 and 5, and the unlimited time period for request for production 4 are unreasonable. The complaint alleges dealings between the decedent and Defendants starting with a written agreement in 2012. Compl. ¶ 41. It also alleges an oral agreement in 2014 to inventory the images in Defendants'

2

possession and work out a plan for delinquent payments owed under the 2012 written agreement. *Id*. ¶ 45. The complaint alleges that wrongdoing began to occur by at least November 2013, again referencing the failure to pay sums owed under the 2012 written agreement. *Id*. ¶ 44. But there is no reference to an oral agreement between Fan Ho and the Defendants prior to 2012, and breach of such an agreement does not form a part of any of Plaintiff's claims as pleaded. Based on the allegations in the complaint, there is no justification for the subpoena to reach back earlier than 2012.

To be clear, both sides agree that there was an oral agreement prior to the 2012 written agreement. Defendants allege it was entered into in or around 2000. Counterclaims, ECF No. 24, ¶ 27. But in their telling, the dealings between them and the decedent all went fine under the oral agreement, and it was the attempt to reduce it to writing in 2012 that led to the later breakdown in the business relationship. *Id*. ¶¶ 36-48. Thus, Defendants' counterclaims do not make this discovery relevant, and as noted, Plaintiff's claims as alleged also are not based on the earlier oral agreement.

Accordingly, the Court **ORDERS** that Defendants' motions to quash and for a protective order are **GRANTED IN PART AND DENIED IN PART** as follows:

1. Request for production No. 1 is limited to purchases from 2012 to the present.

2. Request for production No. 2 is quashed in its entirety.

3. Request for production No. 3 is limited to purchases from 2012 to the present and excludes resales by the gallery.

4. Request for production No. 4 is limited to 2012 to the present and excludes resales by the gallery.

5. Request for production No. 5 is limited to purchases from 2012 to the present and excludes resales by the gallery.

**IT IS SO ORDERED.**

Dated: January 24, 2019

THOMAS S. HIXSON
United States Magistrate Judge

3