UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA C. HO,<br><br>Plaintiff,<br><br>v.<br><br>MARK PINSUKANJANA, et al.,<br><br>Defendants. | Case No. 17-cv-06520-PJH (TSH)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 83, 86 |

The parties submitted a joint letter brief, in which Plaintiff Rita C. Ho moves to compel the production of documents in response to her January 18, 2018 first sets of requests for production to Defendants Mark Pinsukanjana and Bryan Yedinak. ECF No. 83.[1] The requests to Pinsukanjana and Yedinak are identical, so the Court will refer to them together as the "RFPs" for ease of reference. The Court held a telephonic hearing in this matter on February 20, 2019, and now issues this order.

The Court **ORDERS** Defendants to produce documents responsive to RFPs 1, 3-10, 12-16, 18-23 and 25. These RFPs seek relevant documents, and the requests are proportional to the needs of the case. Defendants' objections are unpersuasive.

RFP 2 asks for "[c]opies of all documents and materials provided to any person whom the Defendants intend to use as an expert witness in this action including, but not limited to, documents and materials relied upon by that person in formulating his or her expert opinion." Leaving aside RFP 2 for the moment, Federal Rule of Civil Procedure 26(a)(2) has disclosure requirements for testifying experts, and Defendants must comply with those requirements by the

---

[1] The letter brief did not provide the discovery requests or responses, so per the Court's order, ECF No. 84, the parties filed a supplemental submission providing those. ECF No. 86.

1    applicable deadlines.  RFP 2 is problematic, however, because it seeks to use fact discovery to

2    take expert discovery, and the fact discovery cutoff in this action is earlier than the expert

3    discovery cutoff.  *See* ECF No. 66 (case scheduling order).  Accordingly, the Court **DENIES** the

4    motion to compel as to RFP 2.  To avoid confusion, nothing in this order relieves Defendants of

5    their expert disclosure obligations under Rule 26.

6          At the telephonic hearing, Plaintiff withdrew RFP 11, rendering that dispute moot.

7          RFP 17 asks for "[d]ocuments regarding any legal proceedings involving the Defendants,

8    from January 1, 2008 to the present."  At the hearing Plaintiff explained that if Defendants have

9    cheated other artists, that could potentially show they are the type of people who engage in

10   cheating, making Plaintiff's claims more plausible.  Perhaps, but that is a speculative fishing

11   expedition that is not proportional to the needs of the case.  The Court **DENIES** the motion to

12   compel as to RFP 17.

13         RFP 24 seeks "[d]ocuments supporting Defendants' allegations in the Cross-Claim filed in

14   the Probate Action."  The RFPs define the Probate Action to mean "the action between the parties

15   to the instant proceeding first brought in the Superior Court for the State of California and County

16   of Santa Cruz."  The Court has no further information about the Probate Action, including what

17   the Cross-Claim is.  At the telephonic hearing, Plaintiff's counsel stated he was not prepared to

18   address this RFP in any detail.  As Plaintiff has failed to explain the relevance and proportionality

19   of this RFP, the Court **DENIES** the motion to compel as to it.

20         During the hearing the Court and the parties discussed the relevant time frame for the

21   requests.  The Court has previously explained that the parties' pleadings show that the claims and

22   counterclaims relate to conduct from 2012 to the present.  *See* ECF No. 78 at 2-3.  Plaintiff

23   argued, however, that even for conduct 2012 to the present, Defendants contend they have co-

24   authorship rights in some of the images at issue stemming from a monograph first published in

25   2006.  Defendants did not argue to the contrary.  Accordingly, for RFPs 3 and 16, the Court

26   **ORDERS** Defendants to produce responsive documents from 2006 to the present.  For RFP 25 –

27   which seeks "all documents upon which Defendants intend to rely relating to this action

28   proceeding to trial" – the Court **ORDRS** Defendants to produce all responsive documents

1    regardless of time frame, since if Defendants are going to use a document at trial, Plaintiff is

2    entitled to it.  For RFPs 1, 4-10, 12-15, and 18-23, the Court **ORDERS** Defendants to produce

3    responsive documents for the time period 2012 to the present.

4         Finally, the Court discussed with the parties how long it would take Defendants to produce

5    documents.  Defendants represented they could complete document production within 14 days of

6    the Court's order.  Accordingly, the Court **ORDERS** Defendants to produce the documents

7    described in this order within 14 days.

8

9    **IT IS SO ORDERED.**

10

11   Dated: February 20, 2019

12

13   THOMAS S. HIXSON
     United States Magistrate Judge

*United States District Court*
*Northern District of California*